## WALTER GRESHAM ET AL. V. MARGARET CHAMBERS.

### No. 6586.

1. **Description in Deed.**—A deed conveying a "league granted to Mrs. Martha Barker by Talbot Chambers, commissioner of Milam's Colony," is not void for uncertainty.

2. **Circumstances Competent.**—In support of the description in the deed for *the Barker grant* and to identify it, it was competent to show that a league grant in name of Mrs. Martha Barker was situated near the town of Bastrop, where all the parties resided. So it was competent to show by the abstract of land titles that but one grant in her name was in Bastrop County.

3. **Transfer of Land Carries the Certificate.**—A sale was made of a league grant in conflict with an older grant. By act of the Legislature the heirs or assigns of the grant were authorized to receive a certificate for the quantity in conflict with the older grant. The certificate was obtained by the vendee of the land, who sold to others by whom it was located. In a suit by the heir of the original grantee against defendants holding under her vendee, *held*, that the effect of her deed for the land operated as a transfer of the certificate issued under the act of the Legislature.

4. **Circumstantial Evidence of Sale of Land Certificate.**—See facts occurring about the time of the issuance of a land certificate held competent evidence tending to show that a sale of titled land in conflict with an older grant included a transfer for a certificate granted for so much of the land as was in conflict.

5. **Practice in Conflict of Testimony—Charge.**—Where there is testimony upon a material issue it is error for the court to withdraw the issue from the jury. The right to a trial by jury is guaranteed by the Constitution, and where there is an issue made in the testimony the court can not legally deprive a litigant of such right.

APPEAL from Coleman. Tried below before Hon. J. P. Hutchison. The opinion states the case.

*Sims & Snodgrass* and *J. M. Hays*, for appellants.—1. The court erred in excluding from evidence the deed and its acknowledgments from Josiah Wilbarger and Margaret his wife, of the county of Bastrop, now Margaret Chambers, and plaintiff in this case, to Bartlett Sims, of said county, dated October 29, 1839, conveying to said Bartlett Sims all their right, title, interest, claim, and demand, as heirs of Martha Barker, deceased, in and to the league of land granted to Martha Barker by Talbot Chambers, commissioner of Milam's Colony, near Bastrop, offered by defendants as a link in the chain of title to the land in controversy, and in connection with the other evidence in the case to show a sale by plaintiff of the certificate by virtue of which the land in question was located.

The deed excluded by the court in terms conveys to Bartlett Sims all the right, title, claim, interest, and demand of plaintiff Margaret Chambers (then Margaret Wilbarger, only heir of Martha Barker) in and to the Martha Barker league of land in Bastrop County, issued by Talbot Chambers, commissioner of Milam's Colony. The legal effect of that conveyance was to convey to Bartlett Sims, his heirs and as-

signs, the entire league of land and the entire league colonization certificate of Martha Barker by virtue of which said Martha Barker league of land was located. The said Martha Barker league conflicting with the Jose Antonio Navarro grant, any certificate issued afterward in lieu of and to cover that part of said Martha Barker survey which conflicted with the Navarro grant, as well as the land located by virtue of a certificate so issued, would pass to and vest in Bartlett Sims, his heirs or assigns, by reason of the conveyance to him of said Martha Barker league and his ownership thereby of the entire Martha Barker league colonization certificate of which said league was located. And the land in controversy in this case being located by virtue of a certificate issued for the number of acres covered by the conflict of the Martha Barker league; conveyed to Bartlett Sims, with Jose Antonio Navarro grant in Bastrop County, these defendants, being vendees under Bartlett Sims, would be the owners of the land sued for in this case. Washburn Real Prop., 4 ed., 386; Walters v. Jewett, 28 Texas, 192; Renick & Frazier v. Dawson, 55 Texas, 107; Simpson v. Chapman, 45 Texas, 566; Keyes v. Railway, 50 Texas, 174; Hearne v. Gillett, 62 Texas, 23.

2. The Act of the Legislature of August 13, 1856, authorizing the issuance of the certificate, the issuance of it September 3, 1856, and the acknowledgment by Mrs. Margaret Wilbarger and husband of the deed of October 29, 1839, together, vested the certificate in Sims and his vendees. Landes v. Brant, 10 How., 348; Stoddard v. Chambers, 2 How., 315; Bissel v. Penrose, 8 How., 317; Hodge v. Donald, 55 Texas, 344; Norton v. Cantagrel, 60 Texas, 538.

The Legislature intended grant for the appellee's vendee. Hines v. Thorn, 57 Texas, 98; Johnson v. Newman, 43 Texas, 628.

3. Competency of circumstances. Grimes v. Bastrop, 26 Texas, 310; Glasscock v. Hughes, 55 Texas, 473; Taylor v. McNutt, 58 Texas, 73; Flanagan v. Boggess, 46 Texas, 334; Knowles v. Torbitt, 53 Texas, 557; Douthit v. Robinson, 55 Texas, 69; Brown v. Chambers, 63 Texas, 131; Beaumont Pasture Co. v. Preston & Smith, 65 Texas, 459; Bitner v. Land Co., 67 Texas, 341; Wharton's Ev., sec. 733.

4. The court should have submitted a proper instruction to the jury with reference to a sale of the certificate located upon the land in controversy, and presumptions of sale arising from the evidence introduced. Rogers v. Broadnax, 24 Texas, 542; Glasscock v. Hughes, 55 Texas, 473.

No brief for appellee has reached the Reporter.

HOBBY, PRESIDING JUDGE.—The appellee, Mrs. Margaret Chambers, on the 18th day of August, 1886, instituted this action of trespass to try title to the land in controversy, against several defendants, in-

cluding appellants Walter Gresham and J. A. Robertson. They dis-
claimed as to any portion of the land to which their codefendants L.
L. and C. F. Shields set up title, setting the same out by metes and
bounds, and as to the balance, the four hundred and thirty acres involved,
they pleaded not guilty and set up a cross-action against their warran-
tor J. M. Hayes. He answered October 3, 1887, admitting the sale of
the four hundred and thirty acres to appellants, and also pleaded not
guilty as to plaintiff.

Appellee in her supplemental petition to the answer of all the de-
fendants, containing a general demurrer and general denial, pleads
that the deed of Josiah Wilbarger and wife Margaret Wilbarger to
Bartlett Sims, bearing date October 29, 1839, with Josiah Clifton and
Thomas Glasscock as subscribing witnesses, acknowledged before Cicero
Nash, clerk County Court of Bastrop County, by H. S. Morgan, deputy,
and conveying all their rights, title, claims, and interest in and to a
certain league of land in Bastrop County granted to Martha Barker by
Talbot Chambers, commissioner of Milam's Colony, under which she
alleges defendants claim title, is a forgery.

On March 21, 1887, E. Wilkes filed an affidavit stating that "he be-
lieves the deed executed, or purporting to be executed, by Josiah Wil-
barger and wife Margaret Wilbarger to Bartlett Sims to be a forgery."

The cause was tried at the October term of the District Court of Cole-
man County, Texas, on October 5, 1887, by a jury, and a verdict was
rendered for C. F. and L. L. Shields for the land described in their
answers, and in favor of plaintiff for the land described in the petition
as against Walter Gresham and J. A. Robertson, and in favor of de-
fendants Walter Gresham and J. A. Robertson against J. M. Hayes,
warrantor, for the sum of $860, with interest, etc.

Judgment was entered by the court in accordance therewith. This
judgment is now before us on appeal, prosecuted by the defendants
Gresham and Robertson.

It appears from the record in the case that the plaintiff in the lower
court, Mrs. Margaret Chambers, is the heir at law of Mrs. Martha
Barker, to whom as a colonist in Milam's Colony title was extended to a
league of land by Talbot Chambers, the commissioner thereof. The
land was located in one survey in Bastrop County, which conflicted
with an adjoining tract known as the Jose Antonio Navarro grant.

Appellants offered in evidence the original deed to this Barker league
from Josiah Wilbarger and wife Margaret, the appellee, now Margaret
Chambers, to Bartlett Sims, dated in October, 1839. It was excluded,
as is shown by a bill of exceptions, which ruling is assigned as error,
and will be subsequently noticed. Although so excluded it is disclosed
by the evidence that a copy of this instrument was on file in the Land
Office.

On February 8, 1850, an act was passed by the Legislature authorizing said Sims to raise the said survey, which it recited was made for him, as far as it conflicted with the Navarro grant. The Commissioner of the Land Office was also directed to issue to Sims a certificate to the extent of the conflict, which he was authorized to locate on the vacant public domain. Special Laws 1849–50, chap. 125, p. 85.

In 1851 Bartlett Sims executed to J. R. McCall a bond for title, obligating himself to convey the certificate, when issued, and to cure the defect in the act referred to.

An act of the Legislature of August 13, 1856, was passed authorizing the heirs of Martha Barker to raise the survey in Bastrop County to the extent it conflicted with the Navarro, and directing the issue of the land certificate by the Commissioner to the said heirs, and authorizing its location, as before stated. Special Laws 1856, chap. 126.

The certificate, No. 5032, was issued on September 3, 1856, under this latter act, for nine million four hundred and seventy-nine thousand one hundred and seventy-eight square varas, and was located in Coleman County on the land in controversy, four hundred and thirty acres of it only being involved in this appeal. On January 27, 1857, Sims conveyed the certificate to J. R. McCall, the conveyance being recorded in Travis, Coleman, and Brown Counties, in 1858, 1862, and 1885, respectively.

McCall, on February 23, 1857, conveyed the certificate to Charles Proctor, which conveyance was acknowledged and recorded in the counties last named. On December 11, 1857, said Proctor conveyed it to J. M. Hayes. This conveyance was also acknowledged and recorded. At the time the conveyance to Hayes was executed. Proctor delivered with it the deed from Wilbarger and wife, the appellee, to Sims and the deed from Sims to McCall.

Hayes located the certificate on the land in controversy, paid the government dues, obtained the patent dated October 11, 1860, and has paid all taxes due on the land until he conveyed it to appellants in July, 1885.

Such is a synopsis of the material facts established by the evidence.

As before stated, the deed from Wilbarger and appellee his wife, as shown by bill of exceptions, was excluded. It was witnessed by Josiah Clifton and Thomas Glasscock and is proved up for record by the former before Cicero Nash, clerk of the County Court of Bastrop County, on February 26, 1857, and is acknowledged also by appellee before H. S. Morgan, deputy of said Nash, on same day. It recites that the parties reside in Bastrop County, and after reciting the consideration paid by Sims conveys to him and his heirs, etc., "all their right, title, claim, and demand in and to said league granted to Martha Barker by Talbot Chambers, commissioner of Milam's Colony." The objection

to the admission of the deed in evidence was that it is void for want of description of the land conveyed.

The subscribing witness Josiah Clifton testified that he was 15 years old when he signed the deed as a witness with Thomas Glasscock; that he remembered the circumstances connected with the execution of the same. The appellee, then Mrs. Wilbarger, was his aunt. She acknowledged to him that she signed the deed. He also testified to the valuable consideration paid by Bartlett Sims for the league.

H. S. Morgan testified that he was the deputy county clerk in 1857 who took the acknowledgment of appellee to the above mentioned deed, but he did not recall any of the circumstances attending it. He knew it from his belief that the acknowledgment was in the handwriting of Nash, the clerk, and the signature was his own. The deed was identified by both of these witnesses.

In connection with this deed other testimony was offered by the appellant for the purpose of aiding the description of the land and as tending to show a sale of the certificate to Sims by appellee. The appellants offered to prove by the witness J. E. McCord that the Martha Barker league in Bastrop County is located near the town of Bastrop, in said county, and within the limits of Milam's Colony. That the parties to the deed lived in that county at the time of the execution of the instrument. And they also offered in evidence for the same purpose the following recitals in the abstract of land titles of the State, compiled by the Comptroller of the State under the Act of March 19, 1875: "Abstract No. 7; Martha Barker, original grantee; quantity of land, one league; class, title; date of title, January 12, 1835; Pat. No. 321, vol. 6; old abstract No. 6; in Bastrop County."

The exclusion of the deed, and the evidence offered, as indicated above, is made the basis of assignments of error raising the question in proper form of the correctness of this ruling. The deed we think was clearly admissible, and was erroneously excluded on the ground stated in the bill of exceptions, namely, that it was void for want of description. It does not purport to convey an undefined portion of a larger survey. But it conveys the entire Barker league. It is therefore not a description of an uncertain part or subdivision of a larger tract. The name of the headright or grantee is given, the locality, and the quantity of land conveyed. "Six hundred and twenty acres of the headright of David Brown, situate about twelve miles north of Henderson, in the neighborhood of Bellview," was held to be a sufficient description. Flanagan v. Boggess, 46 Texas, 335. That is certain which can be made so, is the rule applicable to the description referred to. The deed should have been admitted, as well as the evidence offered in support or aid of the description.

Under the operation of the deed from Wilbarger and appellee to Sims conveying the right, title, interest, etc., of the heirs of Martha Barker

to the league in Bastrop County, the certificate issued under the Act of August, 1856, inured to the benefit of and belonged to said Sims, from whom appellants deraign title through the conveyances before mentioned.

Independently of this title, the facts and circumstances with reference to the sale of the certificate itself to Sims, and which raised the issue of the presumption of its sale, show that it was regarded by the parties interested as his property as early as February, 1850, when an act was passed by the Legislature for his relief, authorizing its issuance to him. No objection whatever appears to have been made by appellee, or by any one for her, to this public assertion of Sims' right, and it is not reasonable to suppose that there would have been such legislative declaration implying his ownership of the certificate, although the act was defective, unless it had been sanctioned by those adversely interested.

The proof shows that within a few months after the issuance of the certificate under the Act of 1856 Sims was in possession of it, and conveyed it on January 27, 1857, to McCall. An important fact is disclosed by the evidence in this connection, that appellee acknowledged the deed executed by her to Sims in 1839 before the officer on February 26, 1857, some time before the location of the certificate. She made no claim to the certificate or land during the time, and this suit, which is the first assertion of claim by her, was instituted thirty years after the sale of the certificate by Sims. She testified by deposition and does not deny that she executed the deed to Sims. With reference to the certificate she testified: "I can not describe the certificate nor tell who procured and located it or procured patent for the land, nor whether I or any one acting for me ever had the certificate in possession. I don't know that Bartlett Sims ever claimed from me, or adversely to me, any interest in any lands or certificate, but about ten or twelve years ago I heard that he did. I don't think I had patent to the land in question in my personal possession, and don't know whether any of my attorneys had it in possession. Don't know where the patent to the land in question is."

Although the acts and conduct of the parties as shown by the proof may not be wholly inconsistent with any other inference than that of a sale of the certificate by appellee to Sims, they were sufficient to raise the issue as to whether such a sale may have been presumed by the jury. Glasscock v. Hughes, 55 Texas, 473.

Under the facts in evidence, after stating the character of the suit and the pleadings of the parties, the charge proceeded substantially as follows: "If the jury believe that plaintiff Margaret Chambers is the only heir of Martha Barker, named in the patent in evidence, you will then find for the plaintiff as against the defendants Walter Gresham and J. A. Robertson."

This was followed by an instruction to the effect that "if they so found for plaintiff they would find for the defendants Gresham and Robertson against their warrantor J. W. Hayes." No other instructions were given.

The charge in effect instructed the jury to find for the plaintiff. We think there was error in the charge given, because it did not in the language of the statute "decide on and instruct the jury as to the law arising on the facts" in the case. It was a controverted question of fact solely for the decision of the jury whether there was a sale of the certificate to Bartlett Sims by appellee. The charge wholly ignored this issue, plainly raised by the allegations and the proof. Had the issue been imperfectly presented, or had the charge defectively submitted it, the appellants should have requested an instruction curing such defect. But the defendants had a constitutional right to a decision by the jury of their defense pleaded and supported by proof. Broadnax v. Rogers, 24 Texas, 542.

For the error indicated, the exclusion of the evidence referred to, and the error in the charge mentioned, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted April 21, 1891.