C. F. Hodges v. Edward Ross et al.

No. 213.

1. **Description — Limitation.** — " The entire survey, number 118, of 738 acres, Robert Wheally, in Kinney County, Texas," is a sufficient description to allow the introduction of a deed; there is no uncertainty in it, and it puts the owner on notice that the party in possession was claiming under the deed.

2. **Possession of Part Extends to Entire Tract.**—One in possession of land under a deed, cultivating, using, or enjoying the same, holds all the land comprehended within the boundaries of his deed, though not in actual possession of the entire tract, and it is not necessary that he should reside on any of it.

3. **Payment of Taxes.**—See facts held sufficient to show payment of taxes.

4. **Cotenants—Limitations.**—When parties have such an interest in the land as entitles either to maintain trespass to try title against any person entering upon it during the time of their respective ownership, limitations will run against them if they fail to protect such interest.

5. **New Trial—Newly Discovered Evidence.**—A motion for new trial on the ground of newly discovered evidence should state from whom the information as to such evidence was obtained, and be supported by the affidavit of the informant.

Error from Kinney. Tried below before Hon. Winchester Kelso.

*Solon Stewart*, for plaintiff in error.—1. The admission of the deed from Maverick to Ross, to sustain the plea of limitation of five years, was erroneous, because the description was insufficient. Brokel v. McKedine, 59 Texas, 32; Murphy v. Welder, 58 Texas, 235; Harkness v. Devine, 73 Texas, 628.

2. The court erred in rendering judgment for defendant for all the land, because the evidence showed that plaintiff had the title to one-third of said land as grantor of the remainder man, subject to the life-estate of Mrs. Huling, which is such title as can be recovered. Plaintiff in an action of trespass to try title being entitled to a judgment for the title or possession or both, and it was not necessary for him to await the termination of the life-estate before bringing suit therefor. Rev. Stats., art. 1646; Mays v. Lewis, 4 Texas, 38; White v. Patterson, 34 Texas, 399; Rogers v. Trevathan, 67 Texas, 406; Wells v. Price, 9 Mass., 507; Smith v. Patterson, 8 S. W. Rep., 567.

*I. N. Martin* and *Simpson & James*, for defendants in error.—1. The description of the land in the deed was sufficient. Flanagan v. Boggess, 46 Texas, 331; Gresham v. Chambers, 80 Texas, 548; Snow v. Star, 75 Texas, 416; Polk v. Chaison, 72 Texas, 501.

2. The fact of the remainder interest in the children of Huling not having been pleaded in opposition to the statute of limitation, could not have been considered in the trial.

3. The children of Huling were barred of such remainder in trust, because they were in a position at all times, by reason of the other title they held in the land, to recover possession of the whole tract; and having such a right of action they were necessarily affected by adverse possession as to any title they had it in their power to thus protect from the result of adverse possession. Harvey v. Cummings, 68 Texas, 600; Thompson v. Payne, 21 Texas, 625; Robinson v. Davenport, 40 Texas, 333; Harker v. Day, 80 Texas, 529; Ortiz v. Benavides, 61 Texas, 60; Shumard v. Johnson, 66 Texas, 70; French v. McGinnis, 69 Texas, 22.

NEILL, ASSOCIATE JUSTICE.—On February 27, 1891, the plaintiff in error filed his petition in the District Court of Kinney County against Edward Ross, one of defendants in error, in trespass to try title for the recovery of a tract of 738 acres of land, known as survey number 118, patented to Thomas B. Huling.

The defendant in error plead not guilty, and three, five, and ten years statutes of limitations. He also impleaded his warrantors, Ann Ross and W. H. Maverick, who were made parties defendant and answered in the case. The case was tried before a jury, who returned a verdict for defendants, upon which the judgment was rendered from which this appeal is prosecuted.

*Conclusions of Fact.*—1. On the 9th day of February, 1852, the State of Texas issued a patent to Thomas B. Huling, as assignee of Robert Wheally, to the land in controversy. The patent was issued by virtue of certificate number 303, issued to Thomas B. Huling, assignee, by the Board of Land Commissioners of Jasper County, on the 5th day of June, 1838. Thomas B. Huling was married to Elizabeth, who survived him in 1839, after he became the owner of the certificate by virtue of which the land was patented.

2. Thomas B. Huling, the patentee, died intestate on the 2nd day of November, 1865, leaving surviving him his widow, Elizabeth, who is still living and unmarried, and the following named children, who were living when this case was tried, to-wit: W. H. Huling, who was born September 5, 1850; P. H. Huling, who was born July 19, 1860; Mrs. J. V. Bean, wife of Tilford Bean, who was born March 1, 1842; Mrs. R. D. Hill, wife of H. T. Hill, who was born July 29, 1843; Mrs. A. A. Bartlett, who was born December 3, 1846, who is the widow of J. C. Bartlett, who died January 29, 1891; and M. B. Huling, who was born April 30, 1855. He also left surviving him a child named J. A. Huling, who was born November 1, 1852, who was never married, and died October 1, 1885. All of said children were by his wife Elizabeth, and, with her, were his only heirs.

3. The plaintiff in error, C. F. Hodges, proved a regular chain of title to the land in controversy from the patentee, Thomas B. Huling, down

to himself, which consisted of a deed from Mrs. Elizabeth Huling and the children above named to him. The deed was duly executed in April, 1890, and recorded in Kinney County in May, 1890.

4. The last will and testament of Samuel A. Maverick, who died in 1870, was duly probated the same year. By the terms of his will his wife, Mary A., was appointed executrix, free from the control of the Probate Court, and was fully empowered to convey any property belong-ing to the estate of the testator.

5. Mary A. Maverick, as executrix of Samuel A. Maverick, made a deed to W. H. Maverick, conveying the land in controversy, which was duly executed and recorded in 1876.

6. On the 25th day of May, 1882, W. H. Maverick executed a deed to Ann Ross, which was recorded in June, 1882. The land conveyed was described in the deed as follows: "The entire survey number 118, of 738 acres, Robert Wheally, in Kinney County, Texas."

7. On the 27th day of June, 1889, Ann Ross executed a deed convey-ing the land in controversy to Edward Ross, which was recorded on the 3rd day of September, 1890.

8. The taxes on the land in controversy were paid each year from 1882 to the time of the trial in the court below by Ann Ross and son, Edward Ross being the son.

9. W. H. Maverick leased the land in controversy to Edward Ross during the years 1879, 1880, and 1881. The land was occupied by ten-ants of Ann Ross from May 25, 1882, the date of her deed from W. H. Maverick, up to June 27, 1889, the date of the execution of her deed to Edward Ross. And from that time up to the date of the trial, Edward has been in possession of the land.

10. The possession of Ann Ross' tenants consisted in this: There was a brush fence enclosing from 300 to 400 acres of land, being part of five different and separate tracts and surveys, all claimed by Ann Ross up to June 27, 1889, and by Edward Ross since. In this enclosure was included about 70 acres of the land in controversy. The 300 or 400 acres of en-closed land were cultivated each year by the tenants of Ann Ross from 1882 to the time she conveyed to Edward, in June, 1889, and from that time until the date of trial the tenants of Edward Ross have cultivated the same. The brush fence remained three or four years after the execu-tion of the deed from W. H. Maverick to Ann Ross, when a wire fence was put up instead, and was there, enclosing the same land that the brush fence did, at time of trial. No one lived or resided on the land in con-troversy, and there was no other occupancy or possession of the land except as stated above.

*Conclusions of Law.*—The plaintiff in error objected to the deed from W. H. Maverick to Ann Ross being admitted in evidence, for the pur-

pose of establishing defendants' plea of five years statute of limitation, upon the ground that it did not give a sufficient description of the land to entitle it to any weight for that purpose. The failure of the court to sustain this objection is assigned as error.

As has been seen from our conclusions of fact, the land is described in the deed as "the entire survey number 118, of 738 acres, Robert Wheally, in Kinney County, Texas." This description clearly identifies the land as the entire survey number 118, of 738 acres, in Kinney County, Texas, in the name of Robert Wheally, which is the survey sued for. There is no falsity or uncertainty in it. It was sufficient to give notice to the owners that Mrs. Ross, who was by her tenants in possession of their property, was claiming it under the deed. Hence it was properly admitted in evidence. Flanagan v. Boggess, 46 Texas, 331; Gresham v. Chambers, 80 Texas, 548; Snow v. Starr, 75 Texas, 416; Polk v. Chaison, 72 Texas, 501.

It is contended by the plaintiff in error, that the evidence is insufficient to support the verdict, in that the possession proven was not such as would support the plea of limitation. We do not think that there is anything in the contention. The evidence shows an actual ·and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of all others. This is all that is required. Gunter v. Meade, 78 Texas, 634. It is well settled, that one in possession of land under a deed, cultivating, using, or enjoying the same, holds all the land comprehended within the boundaries of his deed, though not in actual possession of the entire tract; and it is not necessary that he should actually reside on any of it. Cantagrel v. Von Lupin, 58 Texas, 570; Evitts v. Roth, 61 Texas, 81; Porter v. Miller, 76 Texas, 597; 19 S. W. Rep., 467; Parker v. Newberry, 18 S. W. Rep., 815.

The plaintiff in error asserts that there is no evidence showing that Ann Ross paid taxes on the land while she held possession, and for that reason the court should have granted him a new trial, which was asked for on that ground. "The taxes were paid by Ann Ross and son, Edward Ross being the son." We think that this shows the taxes were paid by Ann Ross during the time she was in possession.

In the case of Watson v. Hopkins, 27 Texas, 642, "it seems the only proof that was offered of the payment of taxes by the party pleading the limitation was the introduction in evidence of a contract by which he obligated and bound himself to pay taxes on the land in suit. Yet the court said it was competent evidence for the purpose of showing, along with other facts, the payment of taxes, and was sufficient also for that purpose, if the jury from it believed that he in fact had paid the taxes." Allen v. Woodson, 60 Texas, 653. From the evidence in this case the jury might have con-

cluded that Ann Ross paid the taxes from the time she went into possession under her deed from Maverick until she conveyed it to Edward, and that Edward paid them from the date of his deed up to the time of the trial, or the payments were caused to be made by Ann Ross for her. Either conclusion would satisfy the reason and spirit of the statute. And the evidence to support either is stronger than that in the case cited was to prove payment at all.

It is insisted by the plaintiff in error that the court erred in rendering judgment for defendants in error for all of the land, for the reason plaintiff had title to one-third of it, subject to the life-estate in Elizabeth Huling, and as he was not entitled to possession of such interest until the termination of the life-estate, the statute did not run against him as to that interest.

The children of Huling, or either of them under whom plaintiff claims, could have at any time instituted suit against defendant or those under whom he claims, and, upon the principle that a tenant in common can as against a trespasser sue for and recover the entire property, have recovered possession of all the land; and having such right of action, they were necessarily affected by adverse possession as to any title they had it in their power to protect from the result of adverse possession. For the rule is, that when parties have such an interest in land as entitles either of them to maintain an action of trespass to try title against any person entering upon it during the time of their respective ownerships, limitations will run against them if they fail to protect such interest. Dalton v. Thompson, 19 S. W. Rep., 1027.

We think the plaintiff's motion for a new trial on the ground of newly discovered evidence was defective, in that it failed to disclose from whom he obtained the information as to such evidence, and was not supported by the affidavit of his informant. Scranton v. Telby, 16 Texas, 183; Anderson v. Sutherland, 59 Texas, 409; Russell v. Nall, 79 Texas, 664.

In our opinion no error has been assigned that requires a reversal of the judgment in this case, and it is affirmed.

*Affirmed.*

Delivered February 14, 1894.

Chief Justice JAMES did not sit in this case.

ON MOTION FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—The motion is overruled; but the judgment of the District Court is here reformed so that it shall not prejudice the right of the plaintiff in error, nor bar his right, if any he has, to sue for one-third interest in the land after the termination of the life-estate to such interest held by Mrs. Elizabeth Huling. This order shall not be

construed to mean that the remainder after the termination of such life-estate is not affected by the facts upon which the statute of limitations was successfully maintained. That question is left open to be determined in such case as may be brought to recover such remainder in the estate.

*Motion overruled, and judgment reformed.*

Writ of error refused on April 30, 1894.

