## WHITE et al. v. ORNDORFF et al.
### (No. 1791.)

(Court of Civil Appeals of Texas. El Paso. April 15, 1926.)

1. **Appeal and error ⬚564(2)—Where defendants were given 90 days from October 28th in which to file statement of facts and bill of exceptions and gave bond on November 14th, held, that filing transcript and statement of facts on February 28th constituted filing within 90 days from performance of appeal (Rev. St. 1911, art. 1608).**

Where defendants were allowed 90 days from which to file statement of facts and bill of exceptions and gave bond on November 14th, held that, under Rev. St. 1911, art. 1608, filing of transcript and statement of facts on February 18th constituted filing within 90 days from performance of appeal.

2. **Trial ⬚215.**

It is not proper to give a general charge on submitting case on special issues.

3. **Husband and wife ⬚232(3)—Record showing execution of two deeds to property in question by defendant, first one reciting that she was living apart from her husband because of his desertion, and second one reciting she was feme sole, held to show that defendant conveyed her interest in the property.**

Evidence showing that defendant executed deed reciting that she was living apart from her husband because of his desertion, that it was necessary for her support that she make transfer of any interests she might have in her separate property, and further showing that subsequently she repudiated such conveyance and executed a deed to another, reciting a consideration and that she was a feme sole, both of which deeds were duly recorded, held to show that defendant had conveyed her interest in property, title to which plaintiffs claimed.

4. **Husband and wife ⬚198—Though deed executed by married woman, reciting that she was living apart from her husband because of his desertion, and that transfer was necessary for her maintenance, could be shown to be other than what it purported to be on its face, such fact could not affect strangers to deed without notice.**

Though deed executed by married woman, and reciting that she was living apart from her husband because of his desertion, and that it was necessary for her maintenance that she transfer any interests she might own in her separate property, could be shown to be other than it purported on its face to be, such fact could not affect strangers to deed without no-

tice, since, if recitals were true, such married woman could convey her interest without joinder of her husband.

**5. Husband and wife ⚷⟹129(5)—Representations made by feme covert acting voluntarily, made to deceive and which deceived others to their prejudice, bind her as to her rights of property.**

Where a feme covert acts voluntarily on her own responsibility, her acts and representations, made to deceive and which do deceive others to their prejudice, are binding on her, with reference to' her rights of property.

**6. Trial ⚷⟹350(3)—Issues as to whether plaintiffs, in purchasing property, relied on recitals in deed executed by one of defendants, held immaterial, in view of undisputed evidence of subsequent conveyance by such defendant of all her interest in property.**

In action in trespass to try title, issues submitted as to whether plaintiffs, in purchasing property, relied on recitals contained in deed executed by one of defendants that she was living apart from her husband because of his desertion, and that execution of deed was necessary for her support, became immaterial, where undisputed evidence showed that after execution of deed in question, and before purchase by plaintiffs, such defendant conveyed all her interest to another, as such issues could not affect her property interest; ·she then having no interest in the property.

**7. Deeds ⚷⟹78—Evidence· held insufficient to require submission of issue of fraud and duress in execution of release and conveyance by defendants to plaintiffs.**

In action in trespass to try title, evidence held insufficient to require submission of issue of fraud and duress in execution of instrument of release and conveyance by defendants to plaintiffs.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Separate actions by Frank M. Murchison against Madeline G. White and others, and by Lee H. Orndorff against same defendants, consolidated and tried together by agreement of parties. Judgments for plaintiffs, and defendants appeal. Affirmed.

J. T. Hill, J. F. Weeks, and Harper & Howard, all of El Paso, .for appellants.

Turney, Burges, Culwell, Holliday & Pollard, C. L. Galloway, and Paul D. Thomas, all of El Paso, for appellees.

WALTHALL, J. This appeal is from the judgments entered in the trial court in cause No. 24221, Frank M. Murchison v. P. E. Kern et al., and No. 24224, Lee H. Orndorff v. P. E. Kern et al., consolidated and tried together by agreement of the parties. .

In the above cases Lee H. Orndorff, appellee here, plaintiff below, and Frank M. Murchison, appellee here, plaintiff below, brought suit against appellants in trespass to try title for· property embraced in their respective petitions, sufficiently described by lot and block numbers in Kern Place addition to the city of El Paso, and to remove cloud from title, by reason of two· instruments in writing, filed for record October 1, 1923. In each suit the defendants answered by general demurrer, general denial, and plea of not guilty. . Defendants further specially pleaded that plaintiffs were relying upon a deed from Madeline G. White to P. E. Kern, dated December 5, 1910; that said deed was void on account of her marriage with Mr. White; that that they were living together at the time; that said deed was procured by fraud, and without consideration; that the deed of April 9, 1917, from Madeline G. White to Madeline G. Kern, now Madeline G.. Merz, was not a deed absolute, but was made on a condition subsequent which was never performed; that the recited consideration of $10,000 was not paid, ·and was in effect a power of attorney; that the deed of release executed by Madeline G. Merz and Madeline G. White to the vendees of P. E. Kern was obtained under threats and duress, said Lee Orndorff, P. E. Kern, F. M. Murchison, and C. L. Galloway being interested in Kern Place, that they would foreclose in behalf of the bank on said property should defendant fail and refuse to sign said instrument, and the same with reference to the trust deed executed and filed on July 23, 1917, by P. E. Kern and his daughter, Madeline G. Merz, in which they secured the indebtedness of P. E. Kern to said bank, with other provisions in said trust deed, and that the said Madeline G. Kern did not sign said instrument of her free will' and accord, but against her will and consent and on promise that they would pay her $10,000; that the deed of release of June 11, 1917, they believed to be a forgery. Defendants' various answers, amendments, and supplements cover some 40 pages of the record, but the above is a brief indication of the subject-matter of the several pleadings.

Appellees reply by first and second supplemental petitions, in substance that the appellants' answers are, in effect, but reasons why the deed of December 5, 1910, the release deed, the deed of trust, and the deed of Lee Orndorff and F. M. Murchison should be canceled, and appellees plead the four-year statute of limitation to such cancellations.

The causes were tried before a jury and submitted on special issues, substantially the same in each case, except as to the name of the appellee, the amount, and the property, as follows:

"Question No. 1: Do you find from a preponderance of the evidence that the defendants Mrs. Madeline G. Merz, formerly Miss Madeline G. Kern, and Mrs. Madeline G. White, formerly Mrs. Madeline G. Kern, executed the written instrument offered in evidence by plaintiff known as Exhibit 61, said instrument purporting on its face to have been executed by said

⚷⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendants, and among other things purporting to quitclaim their right, title, and interest to grantees of Peter E. Kern prior to the 9th day of April, 1917." Answer: "Yes."

"Question No. 2: Do you find from the evidence that in consideratiton of the execution, if they did execute the same, by the defendants Mrs. Merz and Mrs. White of the written instrument inquired about in question No. 1, the plaintiff Lee H. Orndorff, before the delivery thereof, promised to pay to Mrs. Merz, then Miss Kern, the sum of $10,000?" Answer: "No."

"Question No. 3: Do you find from a preponderance of the evidence that the plaintiff, Lee H. Orndorff, in purchasing lots 17, 18, 19, and 20, in block 28, Kern Place, part of the property in controversy in this suit, relied on the recitals contained in the written instrument dated the 5th day of December, 1910, signed by the defendant Mrs. Madeline G. White, and reciting in substance that she was living separate and apart from her husband, W. C. White, on account of his desertion, and that it was necessary for her to make a transfer of any interest she owned in her separate right?" Answer: "Yes."

"Question No. 4: Was such recital true or false?" Answer: "True."

"Question No. 5: Do you find from a preponderance of the evidence that said Lee H. Orndorff was without notice of the falsity of such recital prior to the purchase of said lots, if same was false?" Answer: ――――

"Question No. 6: Do you find from a preponderance of the evidence that the plaintiff, Frank M. Murchison, in purchasing the northerly 37.77 feet of lot 14 and all of lot 15 in block 29, Kern Place addition, part of the property in controversy in this suit, relied on the recitals contained in the written instrument dated the 5th day of December, 1910, signed by the defendant Mrs. Madeline G. White, and reciting in substance that she was living separate and apart from her husband, W. C. White, on account of his desertion, and that it was necessary for her to make a transfer of any interest she owned in her separate right?" Answer: "Yes."

"Question No. 7: Was such recital true or false?" Answer: "True."

"Question No. 8: Do you find from a preponderance of the evidence that said Frank M. Murchison was without notice of the falsity of such recital prior to the purchase of said lots, if same was false?" Answer: ――――

"Question No. 9: Do you find from a preponderance of the evidence that plaintiff, Murchison, received from the sales of lots numbered 11, 12, and 13, in block 34, Kern Place addition, the sum of approximately $1,600 and appropriated the same to his own use and benefit?" Answer: "No."

"Question No. 10: Do you find from a preponderance of the evidence that plaintiff, Orndorff, failed to account to defendant P. E. Kern for moneys coming into his hands as agent for said Kern?" Answer: "No."

"Question No. 11: What do you find from a preponderance of the evidence was the total sum, if any, of such money which the said Orndorff failed to account to the said Kern for, if he did so fail to account?" Answer: "None."

On return of the verdict, judgment was entered for plaintiffs in each of said causes for the property described in the petitions and against all of the defendants, and against all of the defendants on their cross-action against plaintiffs. On overruling defendants' motions for new trials in each case, defendants excepted and gave notice of appeal in each case. The court overruled the two motions on October 28, 1924, and by order defendants were allowed 90 days from and after said date in which to file statement of facts and bills of exceptions. Defendants gave bond on November 14, 1924, and filed transcript in this court on February 18, 1925; together with the statement of facts on the same day. Appellees object to the consideration of the statement of facts because it was filed more than 90 days after the 28th day of October, 1924.

## Opinion.

[1] Appellants filed the statement of facts together with the transcript within 90 days from the performance of the appeal, as required by the statute. Rev. St. art. 1608; Wall v. Guest (Tex. Civ. App.) 279 S. W. 312, and cases cited. The objection to a consideration of the statement of facts is overruled.

[2] Appellants assign error to the refusal of the court to give the following requested special charge:

"You are instructed to find for the defendant Madeline White for one-half of undivided interest in and to the property described in plaintiff's petition, for the reason that the record shows that she has not conveyed her interest and that there is no evidence that plaintiffs have acquired title by limitation."

The requested charge, in effect a general charge, was not a proper charge to give on submitting the case on special issues. City of Sweetwater v. Biard Development Co. (Tex. Civ. App.) 203 S. W. 801, and cases cited.

[3] Again, the record does not bear out the statement in the proposition, "that the record shows that she (Madeline White) has not conveyed her interest" in the property referred to. In this state a conveyance of real estate is made in writing, signed and delivered. The record before us shows that on December 5, 1910, Madeline G. White executed and acknowledged a deed in writing reciting that prior to her present marriage she was the wife of P. E. Kern; that she was at the time of the execution of the deed living separate and apart from her husband, W. C. White, on account of his desertion; that it was necessary for her maintenance and support that she make a transfer of any interest she might own in her separate right; that for a valuable consideration paid by P. E. Kern she granted, bargained, and sold to P. E. Kern "all of the right, title, and interest that I may own or be possessed of in and to any property situated in the state of Texas." The deed was duly recorded on the 14th day of December, 1910.

The record further shows that on April 9, 1917, Madeline G. White, without any action setting aside her former conveyance, repudiated same and executed a deed to Madeline G. Kern, reciting that she was a feme sole, was formerly Madeline G. Kern, for a consideration of $10,000 acknowledged to have been paid to her, and the further consideration of support and maintenance, granted, sold, and conveyed to Madeline G. Kern "all that certain piece or parcel of land" describing same and including the lands here involved, and reciting that "the interest hereby conveyed being my one-half of the said above-described property, all of which was acquired by the community estate and during the marriage of the undersigned to the said P. E. Kern, and all my right, title, and interest in and to said land and the one-half interest in said land, and one-half of said land is hereby conveyed and intended to be conveyed to my daughter, Madeline G. Kern," with habendum and warranty clauses. That conveyance was duly acknowledged and recorded on April 16, 1917.

The second proposition submits that the court was in error in holding that the above instrument of December 5, 1910, is a valid instrument, for the reason that it purports to convey the separate property of Madeline G. White, and that she then had a husband who did not join her in its execution, and is, therefore, a nullity.

The court admitted evidence to the effect that Madeline G. White was the former wife of P. E. Kern; that the property involved in the suit was acquired during their married relation; that Kern and his wife were divorced in 1900; in the divorce proceeding the property was not divided; Madeline G. White married W. C. White in 1901, and at the time the instrument of December 5, 1910, was executed she was then married and living with her husband, W. C. White, and that he had never deserted her; that the property she owned was her separate property; that White died in 1911. It is insisted there was no evidence as to the above to the contrary.

Appellants' propositions then following insist that the failure of the husband to join in the conveyance of December 5, 1910, same was a nullity.

That there being no evidence that Madeline G. White was living separate and apart from her husband, as recited in the deed of December 5, 1910, it was error to submit issues 3 and 6 to the jury.

That it was error to admit the deed of December 5, 1910, in evidence over objection that the property in conveyance nor any other property is described.

· That it was error to refuse to submit requested special charge, reading:

"Do you find that Madeline G. White received any consideration from Madeline G. Kern, or her grantees mentioned in the deed of April 9, 1917?"

In the view we take of the case as shown by deeds of Madeline G. White made subsequent to the deed of December 5, 1910, the evidence offered, and the issues submitted and found in reference thereto, it is unnecessary to discuss the above propositions of appellants. The evidence shows that after the execution of the deed of Madeline G. White to P. E. Kern of December 5, 1910, she thereafter, on April 9, 1917, and while a feme sole, conveyed all of her property to her daughter, Madeline G. Kern, said deed being free of the objections suggested as to the previous deed of December 5, 1910, and apparently being in every way a good and valid conveyance of her interest in said property, without conditions, without liens or any questions of fraud, duress, or intimidation, and we fail to see how she could be injured in any way by reason of the matters complained of having reference to the deed of 1910.

In addition to the above deed of April 9, 1917, we find in the record certain other instruments, too lengthy to copy here but in substance, and in legal effect, to the following: An instrument, by several covenants and agreements, reciting the purposes of the parties thereto, P. E. Kern and C. L. Galloway, of the first part, and Lee H. Orndorff, of the second part, and under which instrument Orndorff, as agent of the Kern Place addition, for commissions due him, secured certain property and assumed certain obligations in the Kern Place addition. We need not more fully state here the contents of that instrument than to say, in view of another deed, that in a subsequent deed from P. E. Kern to his daughter, Madeline G. Kern, to certain interests in Kern Place, the latter deed excepts all lots and blocks theretofore conveyed by P. E. Kern, and in which Madeline G. Kern assumed all indebtedness due by P. E. Kern to the Texas Bank & Trust Company and recognized the contract made by P. E. Kern and C. L. Galloway with Lee H. Orndorff in which Orndorff agreed to raise money necessary to develop the Kern Place and his compensation therefor.

The record shows a deed from P. E. Kern and Madeline G. Kern, a single woman, to L. H. Orndorff, and F. M. Murchison, of date July 19, 1917, in consideration of certain moneys paid and certain obligations assumed in the matter of the above contract between Kern and Galloway and L. H. Orndorff with reference to certain lots and blocks in Kern Place, the most of which are embraced in this suit. With reference to that deed and other instruments subsequent thereto, the evidence shows they were made in settlement of the controversies arising by reason of the deed from Madeline G. White to Madeline G. Kern, of April 9, 1917. In one of the issues submitted the jury answered, on sufficient

evidence, that Madeline G. White, and Madeline G. Merz, formerly Madeline G. Kern, executed the instrument (Exhibit 61) purporting on its face to have been executed by appellants, and purporting to quitclaim their right, title, and interest to P. E. Kern, prior to April 9, 1917. But, apart from the instruments referred to later than the deed of December 5, 1910, the deed of December 5, 1910, is not on its face a power of attorney, is not on its face coupled with any conditions, but is a conveyance of the property with all the elements of a deed, with the habendum and warranty clauses.

[4, 5] But if, as claimed by appellants, the uncontradicted parol evidence could render the deed other than it purports on its face to be, we think it could not affect strangers to the deed without notice. If the recitals in the deed were true as stated, Mrs. White could convey her interest without the joinder of her husband, and parties could rely on the facts stated in the deed as being true. The findings of the jury on the issues submitted are supported by the evidence, and they sustain the validity of the deed put in evidence, and the contention of appellees with reference thereto. The law is well settled that where a feme covert acts voluntarily on her own responsibility, her acts and representations made to deceive, and which do deceive others to their prejudice, are binding upon her with reference to her rights of property. Cravens v. Booth, 8 Tex. 243, 58 Am. Dec. 112; Ryan v. Maxey, 43 Tex. 192; Clements v. Ewing, 71 Tex. 370, 9 S. W. 312; Heirs of Corzine v. Williams, 85 Tex. 499, 22 S. W. 399; Witt v. Harlan, 66 Tex. 660, 2 S. W. 41; Harvey v. Edens, 69 Tex. 420, 6 S. W. 306; Gresham v. Chambers, 80 Tex. 544, 16 S. W. 326, on the matter of description of the land; Jones' Estate v. Neal, 44 Tex. Civ. App. 412, 98 S. W. 417, and cases cited.

[6] The undisputed evidence being that after the execution of the deed of December 5, 1910, and before the purchase by appellees of the property in controversy, Madeline G. White conveyed all of her interest in said property to Madeline G. Kern, we think the issues submitted became immaterial, as it could not affect Mrs. White in her property interest; she then having no interest in the property.

[7] Appellants complain of the refusal of the court to submit requested charges submitting the issue of fraud and duress in the execution of the instrument of release and conveyance by P. E. Kern, Mrs. White, and Madeline G. Kern of date July 19, 1917, conveying the lots and blocks in Kern Place to Lee H. Orndorff and F. M. Murchison in consideration of certain money recited as paid, and in further consideration an agreement of Orndorff and Murchison to pay the notes indicated, and which instrument Madeline G. Kern (afterwards Mrs. Merz) testified she signed under protest and under the insistence of her father and Orndorff. The issue presented is as to the sufficiency of the evidence as to duress or fraud to necessitate the submission of the issue. The undisputed and outstanding facts leading up to the execution of the instrument are too lengthy to restate them here, but a brief summary of them as disclosed by the record shows that after the deed of December 5, 1910, of Mrs. White to P. E. Kern, and after Kern had acquired additional property from parties named, Kern, in connection with C. O. Coffin, being then the real owners of Kern Place addition, immediately after the execution of the 1910 deed, began the improvement of said addition, and about 1912, in connection with others who had purchased from him an interest in said addition, he (Kern) began to have transactions with the Texas Bank & Trust Company, and Kern and C. L. Galloway executed the agreement referred to with Lee H. Orndorff, referred to as the sales agreement, by the terms of which Orndorff agreed to furnish or had furnished moneys for the improvement of said addition, and by which Kern became personally indebted to said bank for certain advances of money. The addition was surveyed, divided into lots and blocks, partitioned between the then several owners, streets were paved, houses built, street railway bonuses given, gas, electric lights, telephone lines procured; the above improvements were carried on without interruption from about 1913 to 1917, when Madeline G. White, repudiating the deed of 1910, from herself to Kern, executed the deed from herself to her daughter, above referred to, of date April 9, 1917, conveying a one-half interest in the addition, thereby placing a cloud upon the title of all of Kern Place addition, and thereby affecting said bank with its indebtedness (secured by notes, signed by Kern) of many thousands of dollars, and all vendees of Kern and Coffin and other owners of said property. The indebtedness of the bank against Kern was then past due, but no effort was made to foreclose the deed of trust against the property so long as the title remained clear, but when the deed of Mrs. White to her daughter was made it became necessary to have the matter of title adjusted in some way, so, as a settlement between Kern and his daughter, Madeline G. Kern, it was agreed that he would recognize said one-half interest theretofore transferred to him by his former wife, Mrs. White, on December 5, 1910, and on doing so, on July 21, 1917, made a deed conveying to her the larger part of the addition. Madeline G. Merz assumed one-half of the indebtedness owing by Kern, secured by deeds of trust on said property, so that when said deed was made Mrs. Merz and Kern were the owners of Kern Place, except that part owned by Coffin, and other parties to the partition deed. The duress set up by Mrs. Merz in the execution of the deed to Orndorff and

Murchison, and the deed of trust to the bank, was that Orndorff and Murchison, officers of the bank, stated to her that unless the matters were settled and said deeds executed suits would be brought against Kern, or said property would be sold under the deeds of trust to satisfy the debts of Kern.

In the matters disclosed, we think there was neither fraud nor duress. What Orndorff and Murchison said to Mrs. Merz, as to meeting the indebtedness, they had a right to say. Mrs. Merz had assumed and agreed to pay one-half of the indebtedness due the bank, in accepting the deed from her father. ·We have considered all other propositions not specifically discussed and overrule them.

Justice HIGGINS was disqualified and did not sit in, this case.

We have found in the record no reversible error, and the case is affirmed.