## WHITE et al. v. ANDERSON. (No. 1792.)

(Court of Civil Appeals of Texas. El Paso. April 15, 1926.)

1. **Husband and wife ⊗⇒193, 198—Recitations in deed by married woman that she was separated from husband because of his desertion, and that execution of deed was necessary for her support, if true, authorized her to execute deed and estopped her from claiming the contrary as to third persons without notice.**

Recitations in deed executed by married woman that she was living apart from her husband because of his desertion, and execution of deed was necessary for her support, if true, *held* sufficient to authorize her to execute deed and estopped her from claiming, as to third persons without notice, that recitations were not as recited in deed.

2. **Husband and wife ⊗⇒195—Married woman, by executing deed reciting that she was living apart from her husband because of his desertion and that execution of deed was necessary for her support, held to have thereby conveyed all her interest in property.**

Married woman, by execution of deed reciting that she was separated from husband because of his desertion, and that execution of deed was necessary for her support, thereby conveyed all her interest in property, and her vendee subsequent thereto could acquire no greater interest than such married woman had to convey.

3. **Trespass to try title ⊗⇒44—Court held to have properly directed verdict for plaintiff in action in trespass to try title, record showing that plaintiff had consecutive chain of title from state down to himself.**

In action in trespass to try title, where record showed that plaintiff had a consecutive chain of title from state down to himself for a valuable consideration and in good faith, and without notice of any irregularities complained of, *held*, that court properly directed verdict for plaintiff.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by V. H. Anderson against Madeline G. White and others. Judgment for plaintiff, and defendants appeal. Affirmed.

John T. Hill, Jno. F. Weeks, and Harper & Howard, all of El Paso, for appellants.

Turney, Burges, Culwell, Holliday & Pollard, C. L. Galloway, and Paul D. Thomas, all of El Paso, for appellee.

WALTHALL, J. This is a companion case to that of Madeline G. White et al. v. Lee H. Orndorff et al., No. 1791, 283 S. W. 903, this day decided by this court. The action is in trespass to try title brought by appellee against P. E. Kern, Madeline G. White, and Madeline G. Merz, and her husband, John Rudolph Merz. The suit is to recover certain real estate described by lot and block numbers, and being a part of Kern Place addition to the city of El Paso, Tex., and to remove cloud from title by reason of two instruments filed for record on or about October 1, 1923. The record title in this case, as to the material issues involved on the construction of the deeds, is the same as in the consolidated case referred to.

Appellants answered by general demurrer, general denial, plea of not guilty, special answer claiming title to said property under an instrument from Madeline G. White to P. E. Kern, of date December 5, 1910, and filed for record December 14, 1910; that said title was procured by fraud and false representations of Kern and those acting with him; that at the time of the making of said deed she was a married woman and living with her husband; and that it was not true that she was separated from her husband as stated in the deed. Appellants also specially answered that appellee relied on a certain deed of release executed by Mrs. White and Mrs Merz, at that time Madeline G. Kern, alleging that said instrument of date July 21, 1917, and recorded July 23, 1917, signed by them was a two-page instrument, and that Kern, C. L. Galloway, Lee Orndorff, and others fraudulently interleaved said two-page instrument by substituting other pages, and that said instrument was not executed by them as it appears of record, and that, by reason of the matters pleaded, said instrument is void.

Appellee replied by general denial, and further alleged that the special answer of appellants was an attempt on the part of appellants to set aside and cancel said instrument, and to said answer appellee filed plea of the statute of limitation of four years.

After the evidence was heard, the court gave a peremptory instruction to the jury to find for appellee for the property in controversy, and in favor of appellee against ap-

pellants on their cross-action. Judgment was entered on the verdict, appellant's motion for a new trial·was overruled, to which appellants excepted, gave notice, and perfected their appeal.·

## Opinion.

[1] Error is assigned to the admission in evidence of the deed of December 5, 1910. The deed purports.to have been ·executed by Mrs. White to P. E. Kern conveying the property in question. The point sought to be made is that the instrument shows upon its face that the grantor was at the time a married woman and not joined in the instrument by her husband, and that the property purported to be conveyed was her ˙separate property. For reasons stated it is insisted that the instrument was void.

[2] The recitations in the deed,· if true, would authorize Mrs. White to execute the deed, and estop her from claiming, as to third persons without notice, that the recitations are not as recited in the deed. There is no controversy as to the facts. The deed was admissible in evidence. We have more fully stated our views on the several questions presented as to the introduction in evidence and the legal effect given to the deed of December 5, 1910, in the companion case above referred to, and we need not repeat them here. In our view as to the legal effect to be given the deed of December 5, 1910, Mrs. White had no interest in the property involved subsequent to the execution and delivery of that deed, and her vendee subsequent thereto could acquire no interest greater than she had to convey. It was agreed that the court might consider as a fact that appellee had paid value for the property involved here.

[3] On the 9th of April, 1917, Mrs. White undertook to convey to Mrs. Merz (then Madeline G. Kern) her one-half interest, in all the property in Kern Place addition. Thereafter, on the 21st of July, 1917, P. E. Kern ·by deed conveyed to his daughter, Madeline G. Kern, one-half of all of his property in Kern Place addition in recognition of her rights under Mrs. White's deed as above, that deed conveying lots and blocks as set out and described in the partition deed theretofore made between Kern, Coffin, Morris, and Galloway, one of the clauses in the deed from Kern to Madeline G. Kern reading:

"Also an undivided one-half interest in and to any and all other lots, blocks, fractional lots and fractional blocks in said Kern Place addition to the city of El Paso, Tex., and in and to said survey No. 270, aforesaid, not heretofore sold and conveyed by said P. E. Kern and not here specifically described."

Without further quoting the record, it discloses that Madeline G. Kern, at that time, a single woman, accepted said deed from her father, P. E. Kern, subject to the contract between Kern and Lee Orndorff of date May 28, 1913, and assumed all incumbrances on said property so conveyed ´made by Kern. That deed is referred to as a settlement deed between Kern and his daughter, Madeline G. Kern. On the ——— day of July, 1917, Mrs. White and Madeline G. Kern executed a deed of release and quitclaim to all the vendees of Kern who had deeds recorded prior to April 9, 1917. The record shows that appellee had a consecutive chain of title from the state down to himself, and emanating prior to April 9, 1917, and for a valuable consideration and in good faith, and without notice of any of the irregularities complained of.

As between appellee and appellants in this suit, it was the duty of the court to construe the legal effect of the several deeds shown by the record, and there being no issue of fact to submit to the jury, as between the parties to this suit, it was not error to instruct the verdict.

Justice HIGGINS was disqualified and did not sit in this case.

Finding no reversible error, the case is affirmed.