## W. S. BROWN ET AL. v. JOHN O'BRIEN.

### No. 941.

**1. Limitation of Five Years—Adverse Possession by Enclosure.**

Defendant's possession of the land was by its enclosure in a pasture of about five thousand acres, in which there were other tracts owned by other parties, who in conjunction with defendant controlled the pasture and kept its gates. Held, a sufficient possession under the five years' statute of limitation.

**2. Same.**

It was not necessary for defendant, in order to sustain his plea of five years' limitation, to show payment of taxes on or deed for any other of the tracts enclosed in the pasture.

**3. Same—Possession of Part Extending to the Whole Tract.**

Defendant's possession by enclosure of a part of the tract conveyed by the recorded deed under which he claimed extended by construction to the limits of the entire tract as defined in the deed.

**4. Same.**

The fact that in defendant's chain of title back of the deeds under which the five years' possession was held, there was a void administrator's deed, could not defeat his plea of five years' limitation.

**5. Practice—Waiver of Objections to Deed.**

Where a deed by a guardian is offered for the purpose of showing that title passed thereby, but the authority of the guardian to execute it is not shown, and counsel for the opposite party withdraws his objection that such authority is not shown, he cannot afterwards claim that the deed does not pass the title for want of such authority.

APPEAL from Victoria. Tried below before Hon. S. F. GRIMES.

*A. B. & W. M. Peticolas* and *W. Y. McFarland,* for appellants.

*Glass, Callender & Carsner,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants, some of whom are heirs and others vendees of heirs of A. B. Williams, sued in trespass to try title to recover of defendant twelve hundred and eighty acres of land granted to said Williams.

Defendants claimed through a sale of the Williams certificate made in an administration of his estate, which was confessedly void, and under the statute of limitation of five years. Two of appellants, Mrs. Wilhite and Mrs. Davore, in reply to the plea of limitation, pleaded coverture. Trial before the court without a jury and judgment for defendant. Plaintiffs showed a title to the land and were entitled to recover, unless the defense of limitation was sustained. The evidence shows that de-

fendant and those under whom he claims have since 1880 had enclosed a pasture, which contains five thousand acres or more, in which they have kept and pastured their stock. The fence runs diagonally across the tract in controversy, including within the pasture all of it except about 256 acres, which lie outside of the fence. Each of the successive possessors held under a deed for this tract which was duly registered, and paid all taxes due thereon, and there was a connected chain of transfer connecting the different possessions. The pasture gates were kept and the pasture was controlled all of this time by those having such possession. It included some land which belonged to others, some of whom lived in the pasture, but those of the several owners who used the land, used it in conjunction, and claimed the land to which they severally asserted title against all others; and the Williams grant was thus held and claimed by defendant and those under whom he claims. There were some strips of vacant public land lying between the different surveys included in the pasture, but this fact was not known to the defendant or his predecessors in the possession under which he claims. The evidence of plaintiff developed the fact that an interest in the certificate was inherited from Williams by minors, children of a sister who survived him, residing in Indiana, and whose guardian in that State was John R. Hobbs. Among such minors were Mrs. Wilhite and Mrs. Devore, who married their present husbands before the commencement of the possession under which defendants sought to establish title by limitation. In developing their case, plaintiffs offered a deed, executed in Indiana by the guardian of the minors, undertaking to convey to Horace Brown, from whom others of plaintiffs deraign title, the certificate before its location, and thereupon the following occurred:

This deed, when offered, was objected to by defendants upon the grounds that there was no authority shown for the guardian to execute the same, which objection was by the court sustained. The plaintiffs' counsel suggested to the court that, as this deed conveyed personal property, that it did not require the strict proof of the authority for its execution, whereupon the counsel for the defendant asked the counsel for the plaintiffs the following question: "For what purpose is this deed offered in evidence? Is it for the purpose of showing title to this interest in Horace Brown?" To which the counsel for plaintiffs responded in the presence and hearing of the court: "That is the only purpose and object for which it could be offered and that is the effect of the deed." Thereupon the counsel for defendant announced to the court that they withdrew their objections, and the deed was then read in evidence, the counsel for plaintiffs asking the court to note the fact that the deed was read in evidence by consent.

1. It was not necessary for defendant, in order to sustain his plea of five years limitation, to show payment of taxes on or deed for any other of the tracts enclosed in the pasture.

2. The possession of the Williams shown by the evidence was ad-

verse to the plaintiffs and was of a character sufficient to sustain de-fendant's plea.

3. The possession extended to the whole of the tract, notwithstanding part of it was outside the enclosure. Deeds were on record, showing the extent of the claim asserted, and actual possession of a part extended by construction to the limits defined in such deeds.

4. The fact that in the defendant's chain of title back of the deeds under which the possession was held, there was a void administrator's deed, cannot defeat the plea. Such deed was not a "forged deed."

5. If the interests inherited by Mrs. Wilhite and Mrs. Devore were still owned by them, they would be entitled to recover, as their coverture would have prevented the statute of limitations from running against them. The deed of their guardian would not, of itself, be sufficient to pass title. But, as the certificate was personal property, it is believed that the law of the domicile of the minors could have authorized its conveyance by guardian. And if proper authority from the law or from the courts of Indiana were shown for the deed which was offered in evidence, it would have been effectual to pass the title. The deed was offered for that purpose by plaintiffs and they asked the court to give it that effect. But for their attitude, the defendants might have adduced evidence to supply the facts essential to give effect to the conveyance. The defendant admitted the deed to have the effect claimed for it by plaintiff, and this, we think, dispensed with the necessity of proving facts showing authority for the conveyance. A ratification of it by the two plaintiffs concerned might have been shown. At any rate, their position in court was such as to estop them from disputing the correctness of the action of the court in acceding to it. Bigelow on Estoppel, 601-604; 3 English Ruling Cases, 310.

There is no error in the record, and the judgment is affirmed.

*Affirmed.*

Delivered November 7, 1895.