## GEORGE L. BEATTY v. W. W. O'HARROW.

### Decided February 29, 1908.

**Limitation Under Tax Deed.**

    The statute of limitation of five years will not begin to run in favor of one claiming and holding land under a tax deed until after the expiration of the two years allowed the owner to redeem.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson* and *McGee & Puckett,* for appellant.—The court erred in its holding that the statute of limitation did not begin to run in favor of the defendant until two years after the date of the sheriff's deed under which defendant held. Niday v. Cochran, 42 Texas Civ. App., 292; Parsons v. Viets (Mo.), 9 S. W., 908; Waln v. Shearman, 11 Am. Dec., 624.

*R. A. Sowder* and *W. D. Benson,* for appellee.—The deed from the sheriff to Wood was admitted by the defendant in his answer to be a tax deed, and was not sufficient as a basis for the five years statute of limitation until five years had elapsed from the period of redemption allowed; possession must be had for five years succeeding the two years from date of deed. Rev. Stats. 1895, art. 5187; Davis v. Hurst, 14 S. W., 610; Holmes v. Loughren, 97 Minn., 83.

SPEER, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellee against the appellant to recover twenty lots in the town of Lubbock, Texas. The defenses relied on were those of five years limitation and improvements in good faith.

The trial court's findings of fact show that appellee has a regular chain of title from the State to one W. P. Phoenix and a deed from Phoenix to himself, in which Phoenix reserved a vendor's lien to secure the payment of two notes given by the appellee for the sum of one hundred dollars and one hundred and twenty-five dollars respectively, which said lien had never been released at the time of trial.

The appellant's defense of limitation rests upon the following facts: On June 7, 1898, the sheriff of Lubbock County executed to M. A. Wood a sheriff's deed to the land in controversy to satisfy a judgment rendered on May 6, 1898, in favor of the State of Texas against unknown owner in a suit to recover taxes due on the land. That judgment was based on a citation by publication which was addressed: "To the sheriff or any constable of Lubbock County, Greeting: You are hereby commanded that by making publication," etc., but the deed itself contained nothing to show this defect in the citation. There were regular deeds of conveyance from said M. A. Wood down to appellant, all duly registered, and the appellant and those through whom he claims have paid all taxes due on said property from and including the year 1898 to the time of trial. On June 10, 1898, M. A. Wood took actual possession of the property in controversy, and he and all those claiming under him have held actual and peaceable possession continuously from that date until the time of the commencement of this suit, which was on May 20, 1905. The appellant and those under whom he claims have placed improvements on the land in controversy to the value of one thousand dollars, and there is no controversy as to the sufficiency of their possession to authorize a recovery by them for these improvements.

We adopt the trial court's findings of fact and concur in his opinion that appellee was entitled to a judgment. By excluding

the two years from June 7, 1898, to June 7, 1900, during which time the owner was entitled under the statute to redeem his land from the tax sale, and during which time the possession of appellant was therefore not adverse to this right, five years had not elapsed prior to the institution of this suit. The defense therefore failed. That the two years first ensuing after the tax sale should be excluded from the computation we think there can be no doubt. Davis v. Hurst, 14 S. W., 610. While it has been often held that a tax deed will support the plea of limitation under the five years statute, yet we know of no case in which it is held that that statute begins to run before the expiration of the time within which the owner is entitled to redeem. During this period the. possession of the purchaser is much like that of a mortgagee in possession. It is subject rather than adverse to the right of the owner to repossess himself at any time by a redemption.

The judgment of the District Court in favor of appellee for the land and in favor of appellant for his improvements will therefore be affirmed.

*Affirmed.*

Writ of error refused.