DAVIS et al. v. HOWE. (No. 778.)†

(Court of Civil Appeals of Texas. Amarillo. May 1, 1915. On Motion for Rehearing May 22, 1915.)

1. ADVERSE POSSESSION ⬿79—TAX DEEDS—LIMITATIONS—"DEED."

A tax deed not void on its face, but only because of extrinsic evidence, is a "deed" within the five-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 459–462; Dec. Dig. ⬿ 79.

For other definitions, see Words and Phrases, First and Second Series, Deed.]

2. ADVERSE POSSESSION ⬿79—TAX DEEDS—LIMITATIONS.

Possession under a tax deed during the time allowed the owner for redemption is not adverse under the five-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 459–462; Dec. Dig. ⬿ 79.]

3. ADVERSE POSSESSION ⬿100—TAX DEEDS—LIMITATIONS.

A deputy sheriff, who had acquired possession of part of a tract, sold it at a tax sale to a third person, who bought for, and subsequently conveyed to, him. There was subsequently a substantial change in his possession and use by additional fencing and by placing a large part thereof in cultivation. The unfenced part was occupied by a lessee. Such possession continued for more than five years after the expiration of the period of redemption. *Held* to show adverse possession of the entire tract.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 547–574; Dec. Dig. ⬿ 100.]

On Motion for Rehearing.

4. ADVERSE POSSESSION ⬿79—TAX DEEDS—VALIDITY.

A tax deed, which recites that notices were posted for more than 20 days successively next before the day of sale and which shows an interim of 58 days from date of judgment to date of sale, is not void on its face, but possession under it for five years after the expiration of period of redemption is within the five-year statute of limitation.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 459–462; Dec. Dig. ⬿ 79.]

Appeal from District Court, Hutchinson County; F. P. Greever, Judge.

Action by Belle Thompson Davis and another against J. F. Howe. From a judgment for defendant, plaintiffs appeal. Affirmed.

H. E. Hoover, of Canadian, for appellants. Newton P. Willis, of Canadian, for appellee.

HENDRICKS, J. George W. Thompson, deceased, was the patentee of section No. 129, certificate 325, in block Z, East Line & Red River Railroad Company survey, situated in Hutchinson county, Tex., and constitutes the land in controversy. The appellants, Belle Thompson Davis and her daughter, Maude Thompson Davis, succeed to all the title of W. M. Thompson, the patentee; Mrs. Davis having been the widow of W. M. Thompson (now married to Davis), and Maude Thompson Davis the daughter of the former union. The appellants, mother and daughter, recovered one-fourth of the section from certain parties defendant, who are not involved in this particular appeal; but the court trying the case, without the assistance of a jury, denied them a recovery against Howe, the appellee in this appeal, for three-fourths of the section, sustaining the latter's plea of limitation of five years under recorded deed.

In pursuance of a tax sale, July 5, 1904, the sheriff of Hutchinson county executed a tax deed of the same date to one F. J. Brown, purporting to convey said land for the sum of $75.63, as delinquent taxes. Brown in reality purchased this land for J. F. Howe, the appellee herein, who was at that time a deputy sheriff in that county, under the sheriff who made the sale; and Brown thereafter executed a quitclaim deed, dated the 21st day of December, 1904, to said Howe for a recited consideration of $90, which was never paid; Howe in reality having furnished the consideration paid by Brown to the sheriff for the tax deed of date July 5, 1904. The tax deed to Brown was recorded July 18, 1904, and the quitclaim deed from Brown to Howe recorded December 22, 1904, and this suit was filed by appellants September 3, 1913. Howe did not prove that the prerequisites required by the statute, effectuating a proper sale, conveying the judgment debtor's title, had been complied with by the district attorney, referable to the tax proceedings; in fact, the court found, affirmatively, that no affidavit had been filed by the officer in support of the petition that the residences of the owners were unknown, or that they were nonresidents of the state.

[1] Appellants assign that:

"The court erred in rendering judgment for the defendant Howe for three-fourths of the land in controversy, and in not rendering judgment for the plaintiff for all the lands, because the plaintiffs showed good title to the land, and the defendant claimed the same by limitation under a tax deed and failed to prove that all of the prerequisites provided by statute had been complied with before the sale was made."

This question may be abstract as Howe predicates his claim under the deed from Brown to himself, and by virtue of his adverse possession, and payment of taxes under said registered deed; however, with reference to a tax deed admitted in evidence solely as the basis to sustain the plea of limitation of five years, Chief Justice Stayton said, in the case of Seemuller v. Thornton, 77 Tex. page 158, 13 S. W. page 847:

"The instrument offered in evidence was, within the meaning of the statute, a 'deed.' Whether the land had been properly assessed, the time for making sales for unpaid taxes had arrived, the land advertised for the proper time, or the officers legally empowered to make the sale and deed, would be important inquiries if the deed had been offered as evidence within itself of title; but it was not offered for that purpose, and though it may not have been ef-

fective to pass title, it was nevertheless a 'deed.' "

See Wofford v. McKinna, 23 Tex. 44, 76 Am. Dec. 53; House v. Stone, 64 Tex. 683; Schleicher v. Gatlin, 85 Tex. 270, 20 S. W. 122, on the question of tax deeds as a basis for limitation. There is nothing on the face of this deed indicative that it is void.

Appellants also contend, and assign the same as error, that because Howe was deputy sheriff, under the sheriff who made the sale to Brown, and because he provided Brown the money with which to purchase the land at the tax sale, that he could not claim title under the five-year statute of limitations. Article 3770, Vernon's Sayles' Civil Statutes, prescribes that:

"If any officer making sale of property on execution, or his deputy, shall, directly or indirectly, purchase the same, the sale shall be void."

As stated, Howe testified that he was holding under the deed executed by Brown to him, recorded in December, 1904. Assuming that both deeds are void (and the first one is unquestionably), neither contains the suggestion on its face. If they were void, the knowledge and participation of Howe, could not make them any more so, and the question at least is—assuming that both are absolutely void, for the purpose of argument— would that affect the plea of five years' statute of limitations, if the requirements of the statute were otherwise complied with?

The case of City of El Paso v. National Bank, 96 Tex. 499, 74 S. W. 21, was one involving the sale of land by the administrator of a certain estate. The trial judge, in the procedure of trespass to try title, held the sale void because of the disqualification of another special district judge, who had ordered and confirmed the sale of said property. The Court of Civil Appeals confirmed the action of the trial court, mainly on the ground that limitations did not run in favor of the United States for the land held by it; the defendant, the City of El Paso, deriving its title from the United States. The Supreme Court granted an application for writ of error, on the ground that they were inclined to the opinion that the evidence was insufficient to justify the finding of the disqualification of the trial judge, and that the administrator's sale was void on that account; but upon the submission of the cause, upon an inspection of the record, the Supreme Court discovered that no question of that kind was raised in the Court of Civil Appeals, and hence the Supreme Court was not authorized to consider the assignments attempting to raise the question in that court. There was also a question injected into the case of the lack of confirmation of the administrator's deed by the special district judge who ordered the particular sale. The Supreme Court said:

"The decisions, in this state, recognize the proposition that an instrument which, when tested by itself alone, appears to be void, is not a deed in the sense of the five-year statute of limitations. Schleicher v. Gatlin, 85 Tex. 270 [20 S. W. 120]; Fry v. Baker, 59 Tex. 404; Wofford v. McKinna, 23 Tex. 36 [76 Am. Dec. 53]; Kilpatrick v. Sisneros, 23 Tex. 113. This principle has application only to deeds which are shown by their own recitals and provisions to be mere nullities, and not those which contain the essential constituents of conveyances, but are void because of want of power to convey or other defect appearing from evidence aliunde. This distinction has often been applied to instruments executed by sheriffs, tax collectors, etc., which are in themselves complete as deeds, but do not pass title for want of authority to make them."

The court further said, in the course of argument:

"But for the assumed disqualification of the judge, which does not appear from its recitals, it is clear that it would have passed the title of the estate, and this proves that it is, upon its face, a sufficient deed, inoperative only because of lack of authority behind it."

We rather infer from the opinion that after the execution of the deed a confirmation occurred and before the same was recorded, for the Supreme Court further said:

"When the deed in question was recorded, there had been a confirmation, complete in all things, unless there was a want of power in the special judge to act"

—and held that the instrument under which the United States had claimed the title was a sufficient basis for a claim under the five-year statute. We construe the logic of this opinion to be, that though the judge, who ordered the sale of the property, may have been disqualified, and the proceedings may have been void on that account, however, the instrument being a deed upon its face, the lack of power behind the same would not avail the plea, if otherwise sustained, for the reason that the Supreme Court, after declaring that the undisputed evidence showed a continuous use and occupancy by the government for the proper period, reversed and rendered the cause. See Fry v. Baker, 59 Tex. 404, where married woman's deed, a nullity without husband's joinder, would uphold the plea.

[2, 3] The record shows that prior to the date of the tax sale the appellee Howe had acquired a certain character of possession of a part of this land. Thereafter he did some fencing, inclosing a part of the land, and in the spring of 1905, within the inclosure, he broke out a field of 55 acres, planting it to crop, and continuously cultivated the same, also using the field for grazing purposes, for the full period of five years.

It is true that a deed under a tax sale will not support limitation by possession and use for five years under a recorded deed, until the expiration of the two years given the owner in which to redeem; it is held that possession under such a deed is not adverse to the owner during the time allowed for redemption. Davis v. Hurst (Sup.) 14 S. W. 610, a decision by the Commission of Appeals; Beatty v. O'Harrow, 49 Tex. Civ. App.

404, 109 S. W. 414; Bledsoe v. Haney, 57 Tex. Civ. App. 290, 122 S. W. 455.

However, the continued cultivation, use, and enjoyment of a part of the land, deducting this period, is still sufficient to comply with the statute in that respect. The court found that after he acquired the deed to the land, there was a substantial change made in his possession and use of the same, and construing the testimony favorable to the appellee, this change was made by some additional fencing and placing the 55 acres in cultivation, as stated. A portion of this land was unfenced, and during the period of claim and occupancy by appellee of the part which was inclosed, the unfenced portion was leased to another. The appellants assign as error that the unfenced portion of the lands was not used by appellee after the purchase, and that he exercised no ownership over it before 1910, the time when he leased it to another, and that the same never having been inclosed or in any wise changed from its previous use, the appellee's use of the land fenced did not constructively extend to the uninclosed and unfenced portion.

The case of the City of El Paso v. National Bank, 96 Tex. 496, 74 S. W. 21, supra, holds that where the United States maintained a cemetery on part of a certain tract to which it claimed title under a conveyance valid upon its face, had sufficient possession to acquire title to the whole tract within the boundaries of the deed under the five-year statute of limitations. The possession, use, and occupancy of a part, draws the seisin to the whole. This we take it is familiar law. Hodges v. Ross, 6 Tex. Civ. App. 437, 25 S. W. 975; Evitts v. Roth, 61 Tex. 81; Porter v. Miller, 76 Tex. 593, 13 S. W. 555, 14 S. W. 334; Brown v. O'Brien, 11 Tex. Civ. App. 459, 33 S. W. 267; Jacks v. Dillon, 6 Tex. Civ. App. 192, 25 S. W. 645; also Bowles v. Brice, 66 Tex. 724, 2 S. W. 729. Whittenberg, who was using the unfenced land was holding under Howe.

We are compelled to affirm this judgment, and it is so ordered.

### On Motion for Rehearing.

[4] The appellants, in an argument accompanying their motion for rehearing, insist that this court, relative to the five-year statute of limitations, as applied to the registered deed, is in conflict with the case of Mote v. Thompson, 156 S. W. 1106. In the Mote-Thompson Case, it is apparent upon the record in the cause, that neither the three nor the five year statute of limitations could apply; and such pleas, upon the status of the record, were so inapplicable as, that appellant in that cause, did not assign the same in the motion for rehearing, nor in the application for the writ of error to the Supreme Court. There was an assignment, however, based upon exceptions referable to the four-year statute of limitations as applied to the judgment, and on account of the nature of the action of trespass to try title, and the judgment being void, of course the statute of limitations would have no application whatever; and the language of the court in that cause, "If, as contended by appellees, the judgment is absolutely void, no period of time under any statute of limitation could give the judgment validity," as applied to that case, is, of course, correct —"no period of time under any statute of limitation could give the judgment validity," which is an entirely different question than one of giving a deed validity under the five-year prescription.

The Mote-Thompson Case did not hold, nor tend to hold, that which appellant in this case construes it to have held. The case of Railway Company v. Vance, 155 S. W. 698, by this court, was one where limitation was not involved, and where the language used as applicable to an absolutely void judgment is pertinent and correct.

Appellant asserts that the first deed, the tax deed, shows that the notices "were posted for 20 days." The deed recites that notices were posted "for more than 20 days successively next before the day of sale." There was an interim of 58 days from the date of the judgment to the date of sale. We did not, as suggested, overlook the sixth assignment of error, but thought it unnecessary to discuss it. It has been frequently held in this state that the statute requiring a sheriff to advertise a sale in a particular manner is not mandatory in the sense that unless complied with he will have no power to sell, with exceptions inappropriate here; and it has been consistently held that noncompliance with the statute in that respect constitutes a mere irregularity. Sales under execution are not void on that account. though, of course, under appropriate conditions, are voidable when the proper effort is made to set the sale aside. Moore v. Johnson, 12 Tex. Civ. App. 694, 34 S. W. 771; Morris v. Hastings, 70 Tex. 29, 7 S. W. 649, 8 Am. St. Rep. 570; Holmes v. Buckner, 67 Tex. 110, 2 S. W. 452; Howard v. North, 5 Tex. 291, 51 Am. Dec. 769; Patton v. Collier, 13 Tex. Civ. App. 544, 38 S. W. 53; Freeman on Executions, vol. 2 (3d Ed.) § 286.

The Supreme Court, in effect held, in the case of Bean v. City of Brownwood, 91 Tex. (referring particularly to bottom page 689, 45 S. W. page 899), referable to a tax sale, that the failure to give personal notice to the owner of land prescribed by another statute, while a grave irregularity, would not render the sale void; though on a motion directly to set the sale aside, on account of its voidability, the failure to give such notice would be cause to vacate the same. If the decisions above apply, and we assumed they did, the suggestion in the deed as to the number of notices was not of itself notice of a void sale and stamp the first deed as absolutely void, on that account

alone. However, we prefer to rest our judgment in this case more particularly, as held in the original opinion, upon the quitclaim deed from Brown to Howe.

We admit the great hardship in this case is appealing, and the proposition of a man knowingly violating the law, in order to obtain a title, though a tax title may be to some repugnant; and we have attempted to solve the difficulty of appellants, that in some manner an officer who obtains another as a purchaser at a tax sale, and then receives from said purchaser another deed, though he may comply with the statute of limitations, as to adverse possession and payment of taxes—that such conduct is an estoppel in law against his plea. We may be in error, but the best investigation and thought we have been able to give are unavailing to us in view of the decisions of this state, and their tendency with reference to this five years' statute; and we have never arrived even at the point to solve the question whether to assert such an estoppel for the purpose of destroying said plea, appellant would have been under the necessity of pleading the same, which was not done. Limitation as to land has inherent in it, often, in individual cases, in a moral sense, legalized elements of conduct, which the individual conscience brands as legalized robbery; but according to public policy such statutes, against those who fail to occupy the land in person or by substitute or avail themselves of some of the implied purposes for which the state originally grants the land, are considered statutes of repose, inuring to the benefit of those who will occupy and use the same.

The motion is overruled.

---

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes