## SMITH v. CHIPLEY et al.
### No. 3591.

Court of Civil Appeals of Texas. Amarillo.
Sept. 30, 1931.

Rehearing Denied Oct. 28, 1931.

See, also, 24 S.W.(2d) 87.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

Bean & Klett, of Lubbock, and Black & Graves, of Austin, for appellees.

HALL, C. J.

On September 3, 1921, a written contract was entered into between Mrs. Minnie Slaughter Veal and her husband, as vendors, and H. D. Chipley, as vendee, involving a sale and an option to sell about 19,600 acres of land. The contract divides the land into the east half and the west half, and provides that the sellers are to have $15 per acre for the east half and $10 per acre for the west half. It was contemplated at the time the contract was entered into that the purchaser would subdivide and resell the east half in small tracts at prices fixed in the contract, and that, if the entire east half was sold on or before December 31, 1922, the purchaser, Chipley, would then have the right to acquire the entire west half at the contract price of $10 by paying not less than $2 per acre in cash and executing his notes for the remainder, payable according to the terms fixed in the contract.

Thereafter Chipley assigned his rights and interest under the contract with Mrs. Veal to Morton Smith and R. Taylor Woodson; Smith acquiring a three-fourths interest and Woodson the remaining one-fourth interest.

On December 30, 1922, a part of the east half being unsold, it was purchased by Smith and Chipley, and by that purchase they acquired the right under the contract to the entire west half at $10 per acre, $2 of which must be paid in cash and the remainder in notes.

Thereafter, in February, 1923, Woodson died, and his wife, Lora A. Woodson, married Chipley. She then filed suit, joined by her husband, H. D. Chipley, in the district court of Lubbock county, against Morton J. Smith, W. S. Posey, O. L. Slaton, and the First National Bank of Lubbock, to recover as the sole heir of Woodson her interest in the profits realized from the sale of the east half of the Veal lands. From a judgment in her favor Smith appealed to this court, and on November 3, 1926, this court reversed the judgment and remanded the cause, because she had sued alleging only a conversion of her interest in the proceeds realized from the sale of the east half, and did not sue for an accounting of the partnership affairs. See 287 S. W. 156, 157.

Upon writ of error to the Supreme Court, Powell, P. J., reversed the judgment of this court, principally upon the theory that the partnership existing between Smith and others was only a single venture, and did not involve complicated accounts, and further because it had terminated on completion of the transaction, holding that under such circumstances one partner could sue another at law for conversion of profits without first having an equitable accounting. See 292 S. W. 209.

After Chipley had assigned all of his interest in the Veal contract of November 22, 1922, to Smith and Woodson, and after Smith, on December 31, 1922, had purchased the then unsold part of the east half of said land with money which Slaton and Posey had indirectly provided, Smith, Woodson, Slaton, and Posey, as the owners, entered into the contract set out in 118 Tex. 415, 16 S.W.(2d) 269, 273, et seq., under the terms of which Smith, as trustee, was to hold title to the lands described therein for himself and the other signers of the contract, which provides that Woodson owns a one-sixth interest, Slaton and Posey two-sixths interest, and Smith a three-sixth interest.

The first suit filed by Mrs. Chipley was numbered 2013 upon the docket of the district court of Lubbock county, and, after the Supreme Court had affirmed the judgment which she recovered against Smith in that case, Smith settled it in full by paying to her the amount of the judgment, $11,788 and interest.

It appears that, in order to secure an affirmance of the district court's judgment in cause No. 2013 in the Supreme Court upon writ of error from this court, the appellee represented in her application that there was no controversy between the parties with reference to the west half of the Veal land, and expressly disclaimed any interest in said west half. Presumably the purpose of this representation and disclaimer was to avoid the effect of this Court's holding that she could not maintain a suit to recover any interest due her from the sale of the east half because the Veal-Chipley contract was an entirety, and that her action was, in effect, a suit for a settlement and an accounting of partnership affairs. She stated in her application for writ of error and briefs that the matter with reference to the west half was settled, and no one was complaining of the settlement. By these representations she misled the Supreme Court and secured an affirmance of the district court's judgment, because, as appears from the Supreme Court's decision, they thought all controversy with reference to the west half had been eliminated by agreement of the parties, in which event there was nothing to be settled but the east half, and under that condition an accounting and settlement of the partnership affairs was not necessary, because she could recover as for conversion her interest in the profits by a suit at law.

After she had secured her judgment, and it had been affirmed by the Supreme Court, such affirmance being based upon the mistaken impression made in her pleadings filed in the Supreme Court that she was claiming no interest whatever in the west half, she filed this suit No. 3065 in the district court of Lubbock county against the said Smith, Slaton, and Posey to recover her interest in the west half. Upon a trial, she recovered another judgment, from which an appeal was prosecuted to this court, 24 S.W.(2d) 87. This sec-

ond judgment was reversed and remanded, but upon motion for a rehearing this court certified to the Supreme Court this question: "The disclaimer of interest in the west half as made in the application for the writ of error so filed in the Supreme Court, being totally inconsistent with the assertion of an interest in the west half which antedates the filing of said application, is the plaintiff, Mrs. Chipley, estopped thereby from asserting any interest in the west half?"

In an extended opinion, 118 Tex. 415, 16 S. W.(2d) 269, Judge Critz sets out the certificate, together with the application for writ of error filed in the first case by Mrs. Chipley, in which she disclaimed any interest in the west half, and which for the sake of brevity we will not reproduce here, and, after discussing the right of Mrs. Chipley to maintain this suit, answered the certified question in the affirmative. It would needlessly prolong this opinion to quote from the decision, but the holding is that, after she had disclaimed her interest in the west half in a previous application for writ of error to the Supreme Court, she was estopped from asserting in this case against the same parties any interest in the west half, and that to permit her to recover in this case would be tantamount to allowing her to recover by her own wrong and take an advantage of an error committed by the Supreme Court induced and invited by her, even though the judgment which was rendered, relying upon her statements, was erroneous.

Upon the return of the certificate with the answer thereto from the Supreme Court, the judgment of the district court was reversed and the cause remanded. Motions to render judgment in favor of Smith were overruled in both the Supreme Court and in this court.

For a full statement and understanding of the case, reference is made to the opinions previously rendered by this court and the Commission of Appeals.

The original pleadings of the parties were not amended before the last trial, but, after the case had been remanded, the appellee filed a second amended supplemental petition in which she alleges, in substance, that the inconsistent statements made in the application for writ of error to the Supreme Court were made by her attorneys without her knowledge or consent, and further alleges that Smith was estopped from pleading estoppel as against her, for the reason that he asserted that she was not entitled to recover, and that the trial court erred in not sustaining his general demurrer because the plaintiff was similarly interested in the west half of the Veal lands.

■ We think the opinion of Judge Critz definitely settles all of the issues presented by this appeal, except the contention that Smith is also estopped by his pleading in the former suit that Mrs. Chipley was interested in the west half. If she is estopped by her representations to the Supreme Court in the first suit from maintaining this action, it becomes immaterial whether Smith occupies an inconsistent position in this case.

It is said in 21 C. J. 1228, 1229: "A claim made or position taken in a former action or judicial proceeding will in general estop the party to make an inconsistent claim or take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party."

It is further said in section 233: "In order to work an estoppel the position assumed in the former trial must have been successfully maintained."

The position taken by Smith that Mrs. Chipley did own an interest in the west half was not sustained. The Supreme Court accepted her statement in her application for writ of error that all controversy with reference to the west half had been settled and that she had no interest in it.

■ We therefore hold that she is estopped from maintaining this suit, since that is the effect of the answer made to the certified question, and is a rule announced in all other authorities which we have been able to find. Herman on Estoppel, § 1057; 10 R. C. L. 689, 690; 21 C. J. 1064–1066; Pyron v. Brownfield (Tex. Civ. App.) 269 S. W. 202; Brown v. O'Brien, 11 Tex. Civ. App. 459, 33 S. W. 267; Hill v. Preston, 119 Tex. 522, 34 S.W.(2d) 780; Flack v. Bremen, 45 Tex. Civ. App. 473, 101 S. W. 537, 540; Long v. Martin (Tex. Civ. App.) 260 S. W. 327.

■■ The appellee insists that, because she offered to do equity in this case, the judgment is erroneous. Her offer to do equity is as follows: "Plaintiff says that if the defendant Morton J. Smith can show to the Court that the plaintiff has already received more money on the judgment recovered in the former suit than she would have been entitled to receive if the Court had been fully apprised of all of the true facts as they actually existed at that time, then and in such event the plaintiff offers to do equity and to have the Court enter such judgment in this proceeding and to have the Court deduct from the amount that she is entitled to receive under the contract of Dec. 30, 1922, any excess that she has received on the judgment recovered in the former suit over and above what she was actually entitled to receive under full disclosure of the true facts as they then existed."

This is not an offer to do equity. It is a conditional proposition which requires Smith to retry the issues already decided in the former suit, and this cannot be done. Under the rule in Texas, when a case had been once tried and the issues disposed of and settled, there is an end to the litigation. Montgom-

ery v. Huff (Tex. Civ. App.) 11 S.W.(2d) 237. The record shows that she has been paid the full amount of her judgment, and has not tendered it either into court or offered to do equity by her pleadings. Her contention that the misrepresentations made by her attorneys were without her consent was considered by Judge Critz in his opinion answering the certified question. If she desired to make a tender of the amount received by her in satisfaction of the former judgment, it should have been made in the Supreme Court, and Judge Critz says: "Mrs. Chipley has accepted and retained the benefits of the transaction and is charged, as a matter of law, with its results. This would be true even if an erroneous judgment was entered."

This is a clear case of estoppel by judgment.

For the reasons stated, the judgment is reversed and here rendered for the appellant.