**TRIANGLE SUPPLY COMPANY,**
Appellant,

v.

**E. B. FLETCHER et al., Appellees.**

No. 4102.

Court of Civil Appeals of Texas.

Eastland.

Nov. 11, 1966.

Rehearing Denied Dec. 9, 1966.

McMahon, Smart, Sprain, Wilson & Camp, Bob J. Surovik, Abilene, for appellant.

Shank, Irwin, Chester & Conant, Allan B. Conant, Jr., and Ivan Irwin, Jr., Ross H. Scott, Dallas, for appellee.

COLLINGS, Justice.

Triangle Supply Company brought suit against E. B. Fletcher and Gene McCutchin. Plaintiff sought to remove a cloud from its title to a ³⁄₃₂ of the ⅞ths working interest in the Genevieve Woods oil and gas lease in Fisher County and for an accounting and recovery of the value of oil runs received by the defendant McCutchin. Upon a trial before the court without a jury judgment was entered denying plaintiff the relief prayed for. Triangle Supply Company has appealed.

On August 21, 1963, Thomas and Saxon Drilling Company assigned to Triangle Supply Company an undivided ³⁄₃₂ of ⅞ths working interest in and to the 640 acre Genevieve Woods lease in Fisher County. The lease at that time had one producing well in the northeast quarter of the section. On August 30, 1963, the assignment was mistakenly filed for record in Taylor County. On January 15, 1965, after appellant discovered the error in filing in Taylor, the assignment was filed in Fisher County. On March 1964, after the assignment to appellant, a judgment was obtained against Thomas & Saxon Drilling Company by J. E. Cox and Sons, Inc., in the District Court of Stephens County. This judgment was assigned to H. D. Cook on May 7, 1964, and an abstract of the judgment was filed in Fisher County on May 14, 1964. On November 3, 1964, a writ of execution was issued on the judgment and on November 10, 1964, the Sheriff of Fisher County levied upon "all the interest of Thomas & Saxon Drilling Company", in the lease in question. A sheriff's sale was conducted on December 1, 1964, at which "all of the estate, right, title, interest and claim which the said Thomas and Saxon Drilling Company had on the 10th day of November, 1964 or at any time afterwards in and to" certain described oil and gas leases includ-

ing the lease in question was conveyed by sheriff's deed executed on that date. Appellee E. B. Fletcher, acting by and through his attorney, Ross H. Scott, was the purchaser at said sheriff's sale for a cash consideration of $200.00.

On May 14, 1964 when the abstract of judgment lien was filed in Fisher County, on November 10, 1964 when the levy of execution was made and on December 1, 1964, the date of the sheriff's sale, the said H. D. Cook, judgment creditor and E. B. Fletcher the execution purchaser knew of the unrecorded interest of appellant in and to the working interest in question. On December 27, 1964, Fletcher assigned the lease in so far as it covered the southwest 560 acres thereof (carving out 80 acres surrounding the producing oil well heretofore mentioned) to appellee Gene McCutchin. McCutchin completed a well on the 560 acre lease in January of 1965. Thereafter and not later than June 1, 1965, appellant informed McCutchin of its interest in the property.

In appellant's first three points it is urged that the court (1) erred in failing to hold that the sheriff's sale was void and that appellee McCutchin deraigned no title therefrom because the abstract of judgment and execution liens upon which the sale was based were affixed at a time when the judgment creditor had actual knowledge of appellant's interest in the property, (2) erred in failing to find that McCutchin deraigned no title from the sheriff's sale because the sheriff's return of the writ of execution and the sheriff's deed purported to convey only the right, title and interest of the judgment debtor Thomas & Saxon Drilling Company, and said judgment debtor had theretofore assigned all of its right, title and interest in and to said leasehold estate prior to the affixing of the purported liens forming the basis of the sheriff's sale, and (3) erred in failing to hold that the writ of execution, its return and the sheriff's deed through which McCutchin claims title was in the nature of a quitclaim conveyance of the title of the

judgment debtor Thomas & Saxon Drilling Company, and that no title passed because said judgment debtor had previously conveyed its right, title and interest in the property prior to the affixing of the purported liens which were the basis of the sheriff's sale. These points are overruled.

■ The sheriff's sale, although voidable, was not absolutely void by reason of the fact that the abstract of judgment and execution liens were affixed at a time when the judgment creditor and Fletcher, the execution purchaser, had actual knowledge of appellant's interest in the property. McCutchin holds under a valid judgment, levy, execution, sale and deed. The sale was therefore not void. Moore v. Johnston, 12 Tex.Civ.App. 694, 34 S.W. 771. He was an innocent purchaser without notice of appellant's interest and the conveyance to him was binding. Vernon's Ann.Tex.Civ. St. Article 6627.

The material facts in Holmes v. Buckner, 67 Tex. 107, 2 S.W. 452 were similar to those in the instant case. There Watson conveyed land to his wife but the deed was not recorded until after the land had been bought at a sheriff's sale by Roberts and had been conveyed by Roberts to Buckner. On these facts the Supreme Court in holding for Buckner stated as follows:

"Roberts himself was not an innocent purchaser, because he had actual knowledge of the deed from Watson to his wife. But his vendees were, as they had no such knowledge; and it is a familiar principle of equity that an innocent purchaser from one who purchased with notice is as fully protected as if he had bought without notice from the vendor of the party from whom he purchased."

We also overrule appellant's points urging in effect that McCutchin acquired no title to the leasehold interest because the writ of execution, return and sheriff's deed under which he held was in the nature of a quitclaim and purported to convey only "the right, title and interest of the judgment creditor, Thomas & Saxon Drilling Company", and that such judgment creditor at that time had no title to said leasehold interest because it had theretofore conveyed away all of its interest therein. Articles 3816 and 3818 provide for the form of a sheriff's deed, and further provide that innocent purchasers may claim through such deeds. Article 3816 provides as follows:

"When a sale has been made and the terms thereof complied with, the officer shall execute and deliver to the purchaser a conveyance of all the right, title, interest and claim which the defendant in execution had in and to the property sold."

■ The statute thus provides for the form of the sheriff's deed. Appellant's contention that the conveyance in compliance therewith is ineffective to convey title is not well taken. Ward v. League, Tex.Civ.App., 24 S.W. 986 involves the question of whether commissioner's deed was a quitclaim so as to put the purchaser on notice of a prior unrecorded conveyance. In this connection the court stated as follows:

"The court, then, correctly concluded that there was nothing in the manner of this sale to prevent appellee from being an innocent purchaser. By reference to the conclusions of fact it will be seen that we have not been furnished with a sufficiently full statement of the contents of the deed made by the commissioner to appellee to enable us to pronounce it, over the finding of the lower court, to be a pure quitclaim in form. On the contrary, we infer that it was in the ordinary form for such deeds, which, we have already seen, are fully protected by our statute."

■ It is also held that an assignment of mineral leases purporting to assign all the "right, title and interest" of the assignor in and to certain leases is not a quitclaim, but conveys the instruments as well as the title to the minerals that the instruments them-

selves convey. Miller v. Hodges, Tex.Com. App., 260 S.W. 168 and cases cited therein.

██ In numerous points appellant contends, in effect, that the court erred in holding that appellee McCutchin was an innocent purchaser; that the court erred in finding that appellant did not have open and visible possession of the leasehold estate in question; erred in finding that McCutchin did not have knowledge or notice of appellant's prior acquisition of said leasehold estate, or at least knowledge of facts sufficient to put a reasonable prudent person on inquiry concerning appellant's claim. Appellant urges that there is no evidence and that the evidence is insufficient to support such findings and holdings, and that such findings and holdings are against the great weight and preponderance of the evidence. Appellant contends that at the time of the assignment from Fletcher to McCutchin in December of 1964, appellant was in possession of its $\frac{3}{32}$ working interest in the lease through its agent and operator, LeClair Operating Company and that by reason of this fact McCutchin could not have been an innocent purchaser. The evidence does show that LeClair Operating Company was the operator of the well in the northeast 80 acres of the section; that LeClair owned no interest in the leasehold estate and was paid for performing the service of operating the well thereon. There was evidence to the effect that after receiving its assignment from Thomas & Saxon Drilling Company in August of 1963, appellant in October of 1963 and ever since has received payments from Mc-Wood Corp., for oil produced from the well on the northeast 80 acre tract. As heretofore noted this tract was not included in Fletcher's assignment to McCutchin. McCutchin later drilled a well on the southwest 560 acre tract assigned to him and no payments have ever been made to appellant for oil produced therefrom. It is held that open, exclusive, visible and unequivocal possession by the owner of an unrecorded deed when the right of the creditor attaches, is notice of the right under which the land is

held. Newman v. Phalen, Tex.Civ.App., 214 S.W. 958; Ball v. Norton, Tex.Com. App., 238 S.W. 889; Howard v. Leonard, 185 S.W.2d 490, (CCA 1945, Ref.W.M.) However, joint occupancy of land by two or more persons, one of whom is the record owner, will not put prospective purchasers on inquiry of an adverse claim. 2 A.L.R. 2d 858.

Appellee contends that appellant, if it had possession at all, was not in exclusive possession of any of the property in question; that $\frac{26}{32}$ interest in the lease was outstanding and that Fletcher was the record owner of at least a $\frac{3}{32}$ interest in the 560 acre part of the lease which was assigned to McCutchin. There was evidence to the effect that Fletcher also owned a $\frac{3}{32}$ working interest in the northeast 80 acres. Mr. Roberts, president of appellant Triangle Supply Company, stated that appellant maintained no employees or structures on either the 80 acre tract or the 560 acres in question. There was an oil well on the 80 acre tract but at the time of the conveyance to McCutchin there was no well on the other 560 acres, nor was there anything thereon to indicate that appellant owned a portion thereof. There was no evidence to the effect that anyone told McCutchin that appellant was making any claim to the property. At the time McCutchin purchased the 560 acre leasehold estate he went on the premises and examined it but saw nothing which indicated that appellant had any claim thereto. He knew that there was a well on the northeast 80 acres of the section but was not buying any part of the acreage on that portion of the lease. McCutchin testified that the pipeline purchaser was not on the premises at the time he made an inspection of the property; that the operator, LeClair Operating Company, was not on the premises, and at that time he did not know who the operating company was. He stated that he assumed the operator was some of Fletcher's organization. He further stated that he was an experienced oil man and that even if he had known that LeClair Operating Com-

pany was on the premises it would not have indicated to him that there was any adverse claim to the 560 acre leasehold interest he was purchasing. It was stipulated that McCutchin was advised by his attorney that he was getting good title.

The findings and holdings to the effect that McCutchin was an innocent purchaser without notice of appellant's claim are, in our opinion, supported by evidence. Certainly, the evidence does not, as appellant seems to contend, conclusively show that appellant had open, exclusive, visible and unequivocal possession of such leasehold, including the 560 acres purchased by McCutchin. We also overrule appellant's points contending that the evidence is insufficient and that such findings are against the great weight and preponderance of the evidence. Appellant's points are all overruled.

The judgment is affirmed.